IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| South Carolina Public Service Authority, | ) | Civil Action No. 2:24-cv-2175-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CBD Resources, Inc., | ) | **ORDER AND OPINION** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Before the Court is Defendant's motion to dismiss (Dkt. No. 8). For the reasons set forth below, the Court denies Defendant's motion.

**I.    Background**

In this breach of contract dispute Plaintiff, a South Carolina entity, alleges it contracted with Defendant, a Kentucky entity, to purchase coal (the "Agreement"). (Dkt. No. 1-1 at 3). Plaintiff alleges that though the expiration date of the Agreement was originally December 31, 2021, the parties extended the Agreement to April 30, 2022. (*Id.* at 4). Plaintiff alleges Defendant failed to ship the majority of the coal under the Agreement and that Plaintiff has continually "requested monthly rail permits for [Defendant] to ship the coal, yet [Defendant] has either canceled or not scheduled any of the requested shipments." (*Id.*). Plaintiff alleges that due to Defendant's breach of contract, Plaintiff has been "forced to purchase coal above the contract price." (*Id.* at 5). Plaintiff brings claims for (1) breach of contract and (2) breach of contract with fraudulent intent.

Defendant moves to dismiss the complaint for lack of personal jurisdiction. (Dkt. Nos. 8, 13). Plaintiff opposes. (Dkt. No. 12).

Defendant's motion is fully briefed and ripe for disposition.

1

**II.     Legal Standard**

When a court's personal jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(2), the burden is on the plaintiff to establish that a ground for jurisdiction exists. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). When the court resolves the motion on written submissions (as opposed to an evidentiary hearing), the plaintiff need only make a "prima facie showing of a sufficient jurisdictional basis." *Id.* However, the plaintiff's showing must be based on specific facts set forth in the record. *Magic Toyota, Inc. v. Se. Toyota Distribs., Inc.*, 784 F. Supp. 306, 310 (D.S.C. 1992). The Court may consider the parties' pleadings, affidavits, and other supporting documents but must construe them "in the light most favorable to plaintiff, drawing all inferences and resolving all factual disputes in his favor, and assuming plaintiff's credibility." *Sonoco Prods. Co. v. ACE INA Ins.*, 877 F. Supp. 2d 398, 404–05 (D.S.C. 2012) (internal quotation and alteration marks omitted); *see also Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003) ("In deciding whether the plaintiff has made the requisite showing, the court must take all disputed facts and reasonable inferences in favor of the plaintiff"). However, a court "need not credit conclusory allegations or draw farfetched inferences." *Sonoco*, 877 F. Supp. 2d at 205 (internal quotation marks omitted). Whenever a defendant's sworn affidavit contests the allegations in the complaint, the plaintiff can no longer rest on those allegations. *Callum v. CVS Health Corp.*, 137 F. Supp. 3d 817, 835 (D.S.C. 2015). Instead, the plaintiff bears the burden to present an affidavit or other evidence showing jurisdiction exists over the non-resident defendant. *Id.*

To meet their burden, Plaintiffs must show (1) that South Carolina's long-arm statute authorizes jurisdiction, and (2) that the exercise of personal jurisdiction complies with the constitutional due process requirements. *E.g.*, *Christian Sci. Bd. of Dirs. of First Church of Christ,*

2

*Scientist v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001). South Carolina has interpreted its long-arm statute to extend to the constitutional limits of due process. *See S. Plastics Co. v. S. Commerce Bank*, 423 S.E.2d 128, 130–31 (S.C. 1992). Thus, the first step is collapsed into the second, and the only inquiry before the court is whether the due process requirements are met. *ESAB Group, Inc. v. Centricut, LLC*, 34 F. Supp. 2d 323, 328 (D.S.C. 1999); *Sonoco Prods. Co. v. Inteplast Corp.*, 867 F. Supp. 352, 352 (D.S.C. 1994).

Due process requires that a defendant have sufficient "minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). This standard can be met in two ways: "by finding specific jurisdiction based on conduct connected to the suit or by finding general jurisdiction." *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 711–12 (4th Cir. 2002) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)). To determine whether specific jurisdiction exists, the Court considers: "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *Carefirst of Md.*, 334 F.3d at 397. (internal citations omitted). In other words, the defendant must have "minimum contacts" with the forum, the cause of action must arise from those contacts, and the exercise of personal jurisdiction must be reasonable. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–76 (1985).

Courts evaluate the reasonableness of personal jurisdiction by considering a variety of factors including: "(a) the burden on the defendant, (b) the interests of the forum state, (c) the plaintiff's interest in obtaining relief, (d) the efficient resolution of controversies as between states,

3

and (e) the shared interests of the several states in furthering substantive social policies." *Lesnick v. Hollingsworth & Vose Co.*, 35 F.3d 939, 946 (4th Cir. 1994). "Minimum contacts" and "reasonableness" are not independent requirements; rather, they are aspects of the requirement of due process, and thus "considerations sometimes serve to establish the reasonableness of jurisdiction upon a lesser showing of minimum contacts than would otherwise be required." *Burger King*, 471 U.S. at 477.

### III. Discussion

After a careful review of the record and the parties' briefing, the Court denies Defendant's motion. South Carolina's longarm statue reaches Defendant's alleged conduct. *See* S.C. Code Ann. § 36-2-803 (A)(1) (stating a Court may exercise personal jurisdiction over a person who transacts business in South Carolina), (A)(2) (who contracts to supply services or things in South Carolina), (A)(7) (who enters a contract to be performed in whole or in party by either party in South Carolina). Defendant contracted with a South Carolina entity to sell it coal and arguably conducted business in the state. This finding is bolstered by the fact the Agreement states "[i]t is agreed that this Agreement shall be deemed executed in the State of South Carolina regardless of the actual place of signature or actual place of performance." (Dkt. No. 12-1 at 28) (providing the Agreement is subject to South Carolina law). Further, reading all facts in a light most favorable to Plaintiff— as the Court must on Defendant's motion—at least part of the Agreement is to be performed in South Carolina. (*Id.* at 18) (noting "[p]ayment for each Coal Shipment shall be thirty (30) Days from the mine load date and with Seller's properly completed invoices in duplicative received *at Fuel Accounting Office* [in South Carolina]") (emphasis added); (*Id.* at 12) (providing that Plaintiff analyzes coal in South Carolina). Defendant's argument that its alleged conduct does not fall within South Carolina's longarm statute because title to the coal passed to Plaintiff upon its loading

4

onto trains in Kentucky is unavailing. *See* (Dkt. No. 8-1 at 8); (Dkt. No. 12 at 6 n.8) (noting Defendant fails to cite case law supporting the contention that a "buyer assuming the risk of loss upon the shipping agent receiving the coal negates its contacts with South Carolina").

Further, Defendant's contacts with South Carolina are sufficient to satisfy the Due Process Clause.

To determine whether specific jurisdiction exists, the Court considers: "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *Carefirst of Md.*, 334 F.3d at 397.

Here, Defendant purposely available itself of conducting business in South Carolina by contracting with a South Carolina company to provide coal via the Agreement and further amending and extending the Agreement under Article 1.2(b). (Dkt. No. 1-1 at 4); *Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co.*, 682 F.3d 292, 303 (4th Cir. 2012) (noting that the "purposeful availment" element is met when "the plaintiff's claims arise out of activities directed at the forum state"). Defendant's "absence of physical contacts" does not, on its own, defeat personal jurisdiction. *See Burger King*, 471 U.S. at 476; (Dkt. No. 12-1 at 28) (deeming the Agreement "executed in the State of South Carolina"); (*Id.* at 18) (noting "[p]ayment for each Coal Shipment shall be thirty (30) Days from the mine load date and with Seller's properly completed invoices in duplicative received *at Fuel Accounting Office* [in South Carolina]") (emphasis added); (*Id.* at 12) (providing that Plaintiff analyzes coal in South Carolina).  Plaintiff's claims arise directly out of Defendant's above noted activities directed at South Carolina. *See* (Dkt. No. 1-1 at 4-5) (alleging Defendant's failure to provide coal required Plaintiff to purchase coal above the

5

contract price); (*Id.*) (alleging Defendant "fraudulently agreed to extend the Agreement's expiration date to April 30, 2022 without any intention of actually delivering the coal").

Last, the exercise of personal jurisdiction is constitutionally reasonable. *Lesnick*, 35 F.3d at 946. Defendant identifies no tangible burden for why it cannot litigate this dispute in South Carolina, especially considering South Carolina's strong interest in having a dispute on a contract executed within it litigated in this forum. *See* (Dkt. No. 8-1 at 8) (arguing it is "unreasonable" for Defendant to have foreseen disputes on the Agreement would be litigated in South Carolina but failing to acknowledge that the Agreement, by its own terms, was deemed executed in South Carolina, was performed in part in South Carolina by a South Carolina entity, and is governed by South Carolina law); *Askins v. Firedoor Corp. of Fla.*, 281 S.C. 611, 617, 316 S.E.2d 713, 717 (Ct. App. 1984) ("South Carolina has a legitimate interest in providing the means for its citizens to seek redress against foreign corporations which allegedly breach contracts with citizens when it is contemplated that such contracts would be performed in whole or in part in the State[]").

## IV.   Conclusion

For the reasons stated above, Defendant's motion to dismiss (Dkt. No. 8) is **DENIED.**

**AND IT IS SO ORDERED**.

s/ Richard M. Gergel<br>
Richard M. Gergel<br>
United States District Judge

June 17, 2024
Charleston, South Carolina